MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT NOV 02 2015
SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED _____ LODGED _____
_____ RECEIVED
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

| United States District Court | District WESTERN WASHINGTON | |
|---|---|---|
| Name (under which you were convicted):  DONATO VALLE VEGA | | Docket or Case No.:  CR10-5629-RLB |
| Place of Confinement:  F.C.I. Big Spring, Texas | Prisoner No.:  40558-086 | C15-5729 RBL |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |
| V.   DONATO VALLE VEGA | | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: _____
   UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
   1717 Pacific Avenue, Room 3100, Tacoma, Washington 98402-3234

   (b) Criminal docket or case number (if you know):  CR10-5629-RLB

2. (a) Date of the judgment of conviction (if you know):  10/26/2012
   (b) Date of sentencing:  03/01/2013

3. Length of sentence:  180 months

4. Nature of crime (all counts):  Count 1. Possession of Cocaine with intent
   to Distribute. Title 21, Section 2.; Count 2. Possession with
   intent to Distribute Methamphetamine, Title 21, USC 812, and
   Title 21 USC §§ 841(a)(1), 841 (b)(1)(A), and Title 18 USC § 2.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒          (2) Guilty ☐          (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☒      Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☒        No ☐

8.  Did you appeal from the judgment of conviction?      Yes ☒      No ☐

9.  If you did appeal, answer the following:
    (a) Name of court:  UNITED STATES COURT OF APPEALS/NINTH CIRCUIT
    (b) Docket or case number (if you know): _____
    (c) Result:  AFFIRMED
    (d) Date of result (if you know):  3 November, 2014
    (e) Citation to the case (if you know):  585 Fed Appx 618; 2014 U.S. LEXIS 20960
    (f) Grounds raised:  Denial of Motion to Suppress Evidence; Denial of
        request for additional preemptory challenge;    denial of request
        for duress jury instruction; and failure to adequately explain
        the sentence.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____
        (2) Result: _____

        (3) Date of result (if you know): _____
        (4) Citation to the case (if you know): _____
        (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☐

(2) Second petition:     Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>GROUND ONE:</u>   Conflict of Interest

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial counsel was ineffective in the case because the relationship between the client and attorney is in conflict and is broken.  The breakdown of the relationship was as a result of irreconcilable differences.  See Memorandum.

(b) Direct Appeal of Ground One:

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:  ineffective assistance of counsel claims are not ripe for direct appeal and only appealable thru a §2255 Motion

(c) Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

         Yes ☐       No ☒

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

         Yes ☐       No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

_____

_____

_____

_____


**GROUND TWO:**   Agreement of Informant

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    The trial counsel was ineffective because he failed to request the agreement of informant of the defendant during the discovery phase of the trial and before he filed a motion to supress evidence at the hearing on August 30, 2012. See Memorandum.

_____

_____

_____

_____

_____

_____


    (b) Direct Appeal of Ground Two:

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

         Yes ☐     No ☒

(2)  If you did not raise this issue in your direct appeal, explain why: <u>ineffective assistance of</u>
<u>counsel claims are not ripe for direct appeal and are only appealable</u>
<u>thru a §2255 motion.</u>

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise
issue: _____

_____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

GROUND THREE    Authentication of Documents

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A) The trial counsel was ineffective because he failed to request the authentication of the agreement of      informant used at trial by the government against the defendant; and

(B) The trial counsel was ineffective because he failed to insist on the authentication and certification of the translation of the post-arrest statement made by defendant to SA Boyd on Sept. 2, 2010.  See Memorandum.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

_____

_____

_____

_____

**GROUND FOUR:**     GPS and Pole Camera _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The trial counsel was ineffective for the reason that he failed to properly investigate the record of the order of the court with regard to the government's installation of the GPS device onto the "Impala" automobile and the government's installation of a pole camera permitting surveillance at the defendant's place of business.  See Memorandum.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

          Yes ☐          No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel  claims are not ripe for direct appeal and are only appealable thru a § 2255 motion

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

          Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

     Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

     Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

**GROUND FIVE**     Custody Issue and Two-Step Miranda Rights

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial counsel was ineffective because he failed to properly and reasonably demonstrate that the defendant was in custody during the hearing to suppress evidence and, in addition, failed to argue properly that the agents used two-step miranda rights against the defendant on Sept. 2, 2010. See Memorandum.

(b) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a § 2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

**GROUND SIX** | Entrapment by Estoppel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial counsel was ineffective in that he failed to request, and thereafter demand, the court allow the defense of entrapment by estoppel prior to the end of the trial.

See Memorandum.

(b) Direct Appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

**GROUND SEVEN**      Prosecutorial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A) The trial counsel failed to, and was ineffective, because he did not raise objections during the course of the proceeding in neither his opening statements nor closing arguments as to defendant's concerns about both prosecutors' misconduct; and

(B) The trial counsel was ineffective because he made a glaring error in the eyes of the defendant during his closing arguments to which he committed misconduct against the defendant, his client.  See Memorandum.

(b) Direct Appeal of Ground Seven:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

AO 243 (Rev. 12/04)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

**GROUND EIGHT**     Voir Dire

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A) The trial counsel was ineffective because he failed to make proper objections in the voir dire proceeding when the district court chose alternate jurors and he did not object to an agreed upon method to be used in a peremptory challenge before the start of the proceeding;

(B) The trial counsel failed to excuse for cause six prospective jurors: numbers 9, 24, 26, 27, 34 and 41; and

(C) The trial counsel failed to make a proper or reasonable objection to the testimony of SA Jacob Stringfellow because he did not appear on the case record of the list of government witnesses during the course of the proceeding of voir dire. See Memorandum.

(b) Direct Appeal of Ground Eight:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒     No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   Direct Appeal

Name and location of the court where the motion or petition was filed:   9th Cir. Court of Appeals

James R Browning U.S. Courthouse, 95 Seventh St., San Francisco, CA

Docket or case number (if you know):   13-00059

Date of the court's decision:   Nov. 03, 2014

Result (attach a copy of the court's opinion or order, if available):   sentence affirmed

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 12/04)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

**GROUND NINE**      Defendant Sentencing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A) The trial counsel was ineffective because he failed to correctly and properly review the conversion of methamphetamine to marijuana as well as cocaine to marijuana including the failure to calculate the weights of the controlled substances;

(B) The trial counsel was ineffective because he failed to properly demonstrate effectively that the government did not show any connection of the firearm with the offense of drugs or that the defendant possessed the guns in connection with the offense; and

(C) The trial counsel was ineffective in that he failed to reasonably demonstrate that the defendant did not commit obstruction of justice in the case as the government contends. See Memorandum.

(b) Direct Appeal of Ground Nine:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
ineffective assistance of counsel claims are not ripe for direct appeal and are only apealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☐

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐      No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐      No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

GROUND TEN     <u>Appellate Counsel - Brady Material Violation</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The appellate counsel was ineffective because he failed to raise the issue of Brady Material Violation of the discovery material evidence favorable to the defendant in trial before the suppression of evidence because the government never disclosed the informant agreement in the case. See Memorandum.

(b) Direct Appeal of Ground Ten :

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 12/04)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

**GROUND ELEVEN**    Appellate Counsel - Informant Agreement

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel was ineffective because he failed to raise the issue of the certification and authentification of the agreement of the informant of the defendant that was made with the FBI but was never given a copy, never saw the agreement and was not fully aware of what the rules were. See Memorandum.

(b) Direct Appeal of Ground Eleven:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

GROUND TWELVE    Appellate Counsel - Miranda Rights & Transcript

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Appellate Counsel was ineffective because he failed to thoroughly review the transcript of the trial and as a result, he failed to demonstrate that the defendant was in custody when the agents confronted the defendant in Borst Park on Sept. 2, 2010. Counsel also dualy failed to properly argue and demonstrate that the agents used two-step Miranda Right.  See Memorandum.

(b) Direct Appeal of Ground  Twelve:

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a $2255 motion

(c) Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

GROUND THIRTEEN    Appellate Counsel - Prosecutorial Misconduct

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Appellate Counsel was ineffective because he failed to
demonstrate or raise the issue of prosecutorial misconduct in
his opening statement and closing argument in trial for both
government prosecutors.   See Memorandum.

(b)  Direct Appeal of Ground  Thirteen:

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct
appeal and are only appealable thru a §2255 motion

(c)  Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

AO 243 (Rev. 12/04)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

GROUND FOURTEEN     Appellate Counsel - Voir Dire

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A) The Appellate Counsel was ineffective because he failed to conduct
    a careful and thorough review of the transcript of the voir dire
    proceeding and failed to demonstrate that the district court did
    not provide proper notice of the method employed for use in the
    selection of alternate jurors as well as the method used in a
    peremptory challenge;

(B) Appellate Counsel was ineffective because he failed to raise an
    issue with four prospective jurors for good cause; and

(C) The Appellate Counsel failed to raise the issue of one of the
    government's witness - same as Ground Eight.  See Memorandum.

(b) Direct Appeal of Ground Fourteen:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☒          No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

        _____

        _____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☒          No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:  Direct Appeal

    Name and location of the court where the motion or petition was filed: 9th Circuit COurt of App-
    eals, James R Browning U.S. Courthouse, 95 Seventh St. S.F, Calif.

    Docket or case number (if you know):  13-00059

    Date of the court's decision: Nov. 03, 2014

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐          No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐          No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐          No ☐

AO 243 (Rev. 12/04)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

AO 243 (Rev. 12/04)

GROUND FIFTEEN     Appellate Counsel - Entrapment by Estoppel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Appellate Counsel was ineffective because he failed to raise the issue of entrapment by estoppel and to review that issue on the direct appeal.  See Memorandum.

(b) Direct Appeal of Ground Fifteen:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 12/04)

GROUND  SIXTEEN    Appellate Counsel - Defendant Sentencing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A) The Appellate Counsel was ineffective because he failed to review
and investigate the conversion of methamphetamine to marijuana as
well as cocaine to marijuana including the failure to calculate
the weights of the controlled substances;

(B) The Appellate Counsel was ineffective because he failed to properly
demonstrate effectively that the government did not show any
reasonable connection of the firearm with the offense of drugs or
that the defendant possessed the guns in connection with the offense;

(C) The Appellate Counsel was ineffective in that he failed to
reasonably demonstrate that the defendant did not committ obstruc-
tion of justice in the case as the government contends. See Memo.

(b) Direct Appeal of Ground Sixteen:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

ineffective assistance of counsel claims are not ripe for direct
appeal and are only appealable thru a §2255 motion

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?          Yes ☐          No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: Colin Fieman, Federal Public Defenders Office 1331 Broadway, Suite 400, Tacoma, WA 98402

(b) At the arraignment and plea:   AS ABOVE

(c) At the trial:   Robert Leen, 3221 Oakes Avenue, Everett, WA 98201

(d) At sentencing:
   AS ABOVE

(e) On appeal:  Brooks Holland, 721 N Cincinnati St., Spokane, WA 99202

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☒          No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

AO 243 (Rev. 12/04)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run
from the latest of –
    (1)   the date on which the judgment of conviction became final;
    (2)   the date on which the impediment to making a motion created by governmental action in violation of
    the Constitution or laws of the United States is removed, if the movant was prevented from making such
    a motion by such governmental action;
    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
    been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
    review; or
    (4)   the date on which the facts supporting the claim or claims presented could have been discovered
    through the exercise of due diligence.

AO 243 (Rev. 12/04)

Therefore, movant asks that the Court grant the following relief:   Movant requests an evidentiary
hearing to expand the record and resolve the dispute.

or any other relief to which movant may be entitled.

N|A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on 27- October 2015 (date

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

## IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *